COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

RUBEN VARGAS,                                               )

                                                                              )              
No.  08-03-00291-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                 409th District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 20020D06227)

                                                                              )

 

 

O
P I N I O N

 

Appellant, Ruben
Vargas, appeals from his conviction of aggravated assault with a deadly
weapon.  After finding Appellant guilty,
the jury assessed punishment at 2 year=s
confinement, probated to 2 years=
community supervision.  In a single issue
on appeal, Appellant complains that the trial court committed fundamental error
by refusing to charge the jury on the right of 

self-defense against multiple
assailants.  We affirm.








On the night of
October 3, 2002, Appellant, his girlfriend, his two nieces, and a friend of his
nieces went to a football game at Mountain View High School.  After the game,  Appellant and his girlfriend were walking
towards their vehicle when he noticed five individuals, whom they had passed
by, trailing behind them.  Appellant
became suspicious and fearing that he and his girlfriend were going to get
jumped, he pulled out his pocket knife and opened the blade.  When he reached his car, as he was going to open
the driver=s door,
one of the individuals by the name of Cesar De La Torre walked up to the
Appellant and told him that Ahe
had hit [his] brother, let=s
see him try to hit [De La Torre].@  Appellant responded by saying Acome on then.@  Appellant testified that at that point, Mr.
De La Torre went towards him with his head down while swinging his arms at the
Appellant.  Mr. De La Torre=s account alleged that the Appellant
swung at him first, missed him and instead hit the car, and then he charged
towards the Appellant.  

The fight lasted
only a few minutes during which the Appellant had Mr. De La Torre in a head
lock as Mr. De La Torre continued attempting to hit the Appellant.  Appellant threw Mr. De La Torre to
the ground, but Mr. De La Torre jumped back up and continued to hit the
Appellant.  At some point, a school
teacher was headed their way and that is when the Appellant let go of Mr. De La
Torre.  Appellant and his girlfriend
drove away in their vehicle; Mr. De La Torre ran away and then his
friends picked him up in their vehicle.  

While sitting in
the vehicle, Mr. De La Torre testified that he felt pain on his back and that
when he touched the sore area, he felt his shirt was wet.  Once he arrived at his house, Mr. De La
Torre=s friend
confirmed that he had been stabbed.  Mr.
De La Torre sought medical help at Thomason Hospital and it was then that
Detective Matthew Durning of the El Paso Sheriff=s
Department was assigned to the case.  On
October 8, 2002, Detective Durning was able to contact the Appellant and
collect the knife used in this altercation. 









Mr. De La Torre
testified that he did not know that Appellant had a knife in his hand when he
approached him nor did he notice it during the fight.  Furthermore, he testified that his sole
purpose in attending the football game was to get into a fight with the
Appellant and that he initiated contact with the Appellant.  Appellant also testified that it was not his
intention to stab Mr. De La Torre, but rather that he was hoping once the
individuals saw the knife, they would be scared and run off.  Furthermore, he testified that it was not
until he was inside his vehicle and saw blood on his hands that he realized he
had stabbed Mr. De La Torre.

Appellant was
indicted for committing aggravated assault with a deadly weapon.  Before his trial, he elected for the jury to
assess his punishment and entered an application for probation of sentence.  After a jury trial, Appellant was found
guilty of aggravated assault as alleged in the indictment.  The jury assessed a punishment of two years= confinement, probated to two years= community supervision.Appellant now
timely files this appeal.

In his single
issue on appeal, Appellant complains that the trial court erred in refusing to
instruct the jury on the law of self-defense against multiple assailants.  The State contends that the Appellant has not
preserved this issue for review.  Having
reviewed the entire record, we must agree with the State=s
contentions.








Under Tex.Code Crim.Proc.Ann. art. 36.14
(Vernon Supp. 2004-05), a defendant is required to object and obtain an adverse
ruling to preserve any complain on appeal about Aerrors
claimed to have been committed in the charge, as well as errors claimed to have
been committed by omissions therefrom or in failing to charge upon issues
arising from the facts . . . .@  A trial court has no duty to sua sponte
instruct the jury on a defensive issue, even if raised by the evidence.  Posey v. State, 966 S.W.2d 57, 61-4
(Tex.Crim.App. 1998).  Where the trial
court is not requested to included a defensive issue in the court=s charge to the jury and omits the
instruction, the defendant cannot complain for the first time on appeal.  Id. 
Defense against multiple assailants being a defensive issue, absent a
request, the trial court=s
failure to include it in the charge is not error.  See Frank v. State, 688 S.W.2d 863,
868 (Tex.Crim.App. 1985), (treating self-defense against multiple assailants as
a defensive issue).








In this case, at
the jury charge conference, Appellant=s
trial counsel objected to the charge on the grounds that it was silent
regarding Appellant=s right
to self-defense.  Specifically, Appellant=s counsel requested for a jury
instruction regarding self-defense pursuant to Tex.Pen.Code Ann. '
9.31 (Vernon 2003) and to a deadly force instruction pursuant to Tex.Pen.Code Ann. ' 9.32 (Vernon 2003).[1]  The trial court overruled Appellant=s requested instructions and submitted
a jury charge without a self-defense instruction.  Appellant=s
counsel never mentioned or requested an instruction of self-defense against
multiple assailants.  Raising the issue
for the time on appeal, Appellant has failed to preserve the issue for our
review.  See Posey, 966 S.W.2d at
61-4.  We must therefore overrule
Appellant=s Issue
One and affirm the trial court=s
judgment.

 

December
16, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
Appellant=s counsel
made the following request:

 

The Defendant, Ruben
Vargas, would further submit to the Court that the following instruction --
would further request of the Court that the following instruction be granted by
the Court and placed in the charge, that being, to wit, upon the law of
self-defense, you are instructed that a person is justified in using force
against another when and to the degree he reasonably believes the force is
immediately necessary to protect himself against the other person=s use or attempted use of unlawful
force.  

A person is justified
in using force against another if he would be justified in using force against
another in the first place, as set out above, and when he reasonably believes that
such deadly force is immediately necessary to protect himself against the other
person=s use or
attempted use of unlawful deadly force, and if a reasonable person in the
Defendant=s
situation would not have retreated.  

The Defendant would further request that the
charge would also state that unless you so find beyond a reasonable doubt, or
if you have a reasonable doubt thereof, or, you further believe from the
evidence that at the time he did so, the Defendant reasonably believed that the
-- that Cesar De La Torre was then and there committing or attempting to commit
aggravated assault, and to prevent the imminent commission of such aggravated
assault upon his person, and that a reasonable person in the Defendant=s situation would not have retreated,
then you will find the Defendant not guilty and you shall acquit the Defendant,
Ruben Vargas, of aggravated assault with a deadly weapon.